FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 2 9 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 2 6 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JULIE TESTA, STEPHANIE NIEVES, TAMARA VARGA, HEIDI RUIZ-OCHOA, LAVINO TAYLOR AND SOPHIA A. MORENO, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>ALBERTSON'S, INC., AMERICAN STORES COMPANY, and AMERICAN DRUG STORES, INC.,<br><br>            Defendants. | Case No.: CV-03-2045-PHX-RCB<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, AND APPROVING NOTICE TO CLASS** |

The parties in the above-captioned case have jointly moved for preliminary approval of the proposed class settlement agreement and Consent Decree, conditional certification of a Rule 23(b)(2) settlement class, approval of the proposed notice to the class, and the setting of a final fairness hearing. The Court has reviewed the proposed Decree and joint motion of the parties, along with the declarations of class counsel and the other papers and pleadings on file herein. The Court now makes the following findings and orders.

1. **Preliminary Approval of Proposed Class Settlement and Decree.**

Federal Rule of Civil Procedure 23(e) conditions the settlement of any class action on court approval. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1025 (9th Cir. 1998). Class-action settlements are generally subject to a two-step approval process: "[f]irst, the court conducts a preliminary approval or pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval' or, in other words,

1

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION - CASE NO.: CV-03-2045-PHX-RCB

whether there is 'probable cause' to notify the class of the proposed settlement." <u>Horton v. Merrill Lynch Pierce, Fennerd & Smith</u>, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing <u>Armstrong v. Board of School Directors</u>, 616 F.2d 305, 312 (7th Cir. 1980)). If a court grants preliminary approval, notice is provided to the class and a date is set for the court to conduct a "fairness hearing," during which all interested parties have an opportunity to be heard. <u>Horton</u>, 855 F. Supp. at 827. The substantive evaluation of the proposed settlement, to determine whether it is "fundamentally fair, adequate, and reasonable," occurs at the fairness hearing. <u>San Francisco NAACP v. San Francisco Unified School Dist.</u>, 576 F. Supp. 34, 43 (N.D. Cal. 1983) (quoting <u>Officers for Justice v. Civil Serv. Comm.</u>, 688 F.2d 615, 625 (9th Cir. 1982)); <u>In Re Oracle Sec. Litig.</u>, 829 F. Supp. 1176, 1179 (N.D. Cal. 1993).

The proposed Consent Decree here appears to fully achieve all the injunctive relief sought in the complaint and the EEOC charges: a change in Albertsons' corporate employment policies which will result in nationwide coverage of prescription contraception coverage to every female employee of Albertsons who participates in an Albertsons' employee benefit plan, under the same general terms and conditions which that plan covers other preventive prescription drugs, devices and related medical services. Moreover, the injunctive provisions of the class settlement go beyond what the class would seek at trial by ensuring such coverage for all female spouses and female non-spouse dependents of male and female employees as well.

The class settlement also affords reasonable monetary relief comparable to other court-approved class settlements involving coverage for prescription contraception. In addition, the proposed resolution would protect the privacy of Albertsons' employees, reasonably compensate Named Plaintiffs and Class Counsel for their efforts, and save judicial resources.

Approval of the class settlement is sought and recommended by experienced and reputable class action counsel. <u>See</u> Declaration of Teresa Demchak at ¶¶ 3-6;

Declaration of Roberta Riley at ¶¶ 3-4. Moreover, the EEOC participated in the settlement discussions leading to the proposed Decree and has determined to enter into conciliation agreements with the very same terms. Demchak Decl., ¶ 17.

For the foregoing reasons, the Court finds that the proposed Consent Decree is "within the range of possible approval" and that there is "probable cause" to notify the class of the proposed settlement.

### 2. Conditional Certification of the Proposed Settlement Class

As part of the settlement approval process, Plaintiffs seek certification of a settlement class for injunctive relief consisting of "all female employees who participate in any of the Subject Health Care Plans (either as an active employee or through COBRA) from June 1, 2003[1] through the duration of the Consent Decree." See Section V.B. of the Proposed Decree.

Plaintiffs also seek certification of the following subclass for the payment of monetary relief flowing from the injunctive provisions:

> all female employees who (a) participated in any of the Subject Health Care Plans (either as an active employee or through COBRA) for at least ninety (90) days prior to June 1, 2003, provided that at least part of that enrollment occurred between December 20, 2000 and June 1, 2003 (hereinafter the "Class Period"), and (b) used Prescription Contraceptive Drugs or Devices, or related medical services, at any time during the Class Period, without being reimbursed for all covered out-of-pocket expenses by any person or entity, or having such expenses credited against their deductible.

Id. at Section V.C.

Under Fed. R. Civ. P. 23(a), a settlement class must meet four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. See Hanlon, 150 F.3d at 1019.

---

[1] June 1, 2003 is the date Albertsons confirmed that its health care plans were brought into compliance with the terms of the class settlement.

The settlement class here applies to all Albertsons stores nationwide and thereby covers thousands of female employees of Albertsons. This easily satisfies the numerosity prong of Rule 23(a)(1). See Gay v. Waiters' & Dairy Lunchmen's Union, 489 F. Supp. 282 (N.D. Cal. 1980), aff'd., 29 Fair Emp. Prac. Cas. 1027 (9th Cir. 1982) (class action certified after Plaintiffs identify 184 potential class members).

The proposed settlement class members also share a common core of factual and legal allegations concerning coverage for prescription contraception in otherwise generally comprehensive employee benefit plans. The extent to which the Albertsons benefit plans cover prescription contraception and the extent to which it must do so under applicable law, constitute common questions of law and fact. Thus, the proposed settlement class satisfies the commonality requirement of Rule 23(a)(2). See Hanlon, 150 F.3d at 1019-20.

Plaintiffs also meet the typicality requirement of Rule 23(a)(3). They, like the absent class members, are all female employees of Albertsons who would assert the same claim that Title VII and the PDA entitle them to coverage for prescription contraceptives and related medical services pursuant to Albertsons' otherwise generally comprehensive employee benefit plans. See Hanlon, 150 F.3d at 1020 (representative claims are "typical" if they are reasonably co-extensive with those of absent class members).

Finally, the Named Plaintiffs and their counsel have adequately represented the class under Rule 23(a)(4). Hanlon, 150 F.3d at 1020. There are no apparent settlement allocation issues, discrete categories of class members with different interests, or other factors which would suggest a conflict. At the same time, Class Counsel are highly experienced attorneys who specialize in Title VII class action litigation, and have prosecuted numerous such cases. See Demchak Decl. at ¶¶ 3-6; Riley Decl. at ¶¶ 3-4. The record demonstrates that they vigorously represented the interest of the putative class in arms-length negotiations with Albertsons, and that the EEOC also approves of the terms of the settlement. In fact, the terms of the proposed Decree themselves

demonstrate that the matter was prosecuted vigorously on behalf of the class.

For the foregoing reasons, the requirements of Rule 23(a) appear to be fully satisfied.

Rule 23(b)(2) provides for a class action if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. Proc. 23(b)(2). Albertsons' pre-settlement refusal to cover prescription contraception under the same general terms and conditions of other preventive drugs, devices and medical services applied generally to the entire proposed class. The injunctive relief set forth in the Decree will benefit the class members in a cohesive fashion. At the same time, the monetary awards are incidental to and flow directly from the injunctive provisions of the Decree. Thus, this case would appear appropriate for class certification under Rule 23(b)(2). See <u>Molski v. Gleich</u>, 318 F.3d 937, 947 (9th Cir. 2003).

### 3. <u>Notice to the Class</u>

Fed. R. Civ. P. 23(e) requires notice to the class in such manner "as the court directs." The purpose of the notice is to provide due process to absent class members by fairly apprising them of the terms of the class settlement agreement, their rights relating to it, and their opportunity to be heard. See <u>Gottlieb v. Wiles</u>, 11 F.3d 1004, 1012-13 (10th Cir. 1993). The parties have agreed to a proposed class notice, attached as Exhibit C to the proposed Decree, which explains the provisions of the proposed Decree and their implications on the rights of class members, as well as the procedures for making objections to the proposed Decree and for appearing at the fairness hearing. Pursuant to the class settlement, Albertsons has also retained a professional third party claims administrator to provide mailed notice to class members (including database checks and remailing for notices returned as undeliverable). This form of notice and agreed upon

procedures for ensuring that class members receive adequate notice meet the objectives and criteria of Rule 23.

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The motion for preliminary approval of the proposed class settlement agreement and Consent Decree is GRANTED;

2. The motion for conditional certification of a settlement class under FRCP 23(a) & (b)(2) is GRANTED, and the Court appoints the attorneys of record for plaintiffs as counsel for the conditionally certified class;

3. Within fourteen (14) days from the effective date of this Order, Notice in the form of Exhibit C to the proposed Decree and a Claim Form in the form of Exhibit D to the proposed Decree shall be mailed to all known class members in accordance with Section IX of the Decree;

4. For each Notice and Claim Form returned as undeliverable, the Claims Administrator shall, within seven (7) days after receipt of the undeliverable notice and claim form, arrange for a computer database track of such potential class member and remail the notice and Claim Form to an additional address obtained for such class member;

5. Class members who wish to present objections to the proposed settlement must do so in writing. Written objections shall be postmarked and mailed to the Claims Administrator at the address stated in the Notice to the Class within thirty (30) days after the postmark on the Notice to class members set forth in paragraph 3, above (for notices returned as undeliverable, thirty (30) days after the second mailing set forth in paragraph 4, above);

6. The Claims Administrator shall stamp the date received on the original of any objection it receives, serve copies of the objections on Class Counsel and Albertsons' counsel within two (2) business days after receipt thereof, and file the date-stamped originals of any objections with the Clerk of the Court within ten (10) business days prior to the date set for the final approval hearing;

7. A Fairness Hearing to consider any objections to the proposed class action settlement and Consent Decree, and to determine whether to grant final approval of the agreement, is set for _February 9, 2004_ at _11:00 a.m._ (a date which is seventy-five (75) or more days after the effective date of this order).

IT IS SO ORDERED.

DATED this _19_ day of _Nov_, 2003.

_____
The Honorable Robert C. Broomfield
United States District Judge