FILED ___ LODGED
RECEIVED ___ COPY

FEB 10 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JULIE TESTA, STEPHANIE NIEVES, TAMARA VARGA, HEIDI RUIZ-OCHOA, LAVINO TAYLOR and SOPHIA A. MORENO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALBERTSONS, INC., AMERICAN STORES COMPANY, and AMERICAN DRUG STORES, INC.,<br><br>Defendants. | No. CV03-2045 PHX RCB<br><br>**[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT, CLASS CERTIFICATION, AND CONSENT DECREE** |

The parties in the above-captioned case have jointly moved for approval of the proposed class settlement agreement and Consent Decree and certification of a Rule 23(b)(2) settlement class. Notice has been duly provided to the proposed class members in compliance with this Court's Order of November 19, 2003. The Court has reviewed the Proposed Decree and joint motion of the parties, along with the declarations of class counsel and the other papers and pleadings on file herein, and has held a final fairness hearing. No objections have been received to the proposed settlement agreement or the proposed Consent Decree.

1.  **Approval of Proposed Class Settlement and Decree.**

1   Federal Rule of Civil Procedure 23(e) conditions the settlement of any class action on court approval. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1025 (9th Cir. 1998). Class action settlements are generally subject to a two-step approval process: "[f]irst, the court conducts a preliminary approval or pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval,' or, in other words, whether there is 'probable cause' to notify the class of the proposed settlement." Horton v. Merrill Lynch Pierce, Fenner & Smith, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing Armstrong v. Board of School Directors, 616 F.2d 305, 312 (7th Cir. 1980). If a court grants preliminary approval, notice is provided to the class and a date is set for the court to conduct a "fairness hearing," during which all interested parties have an opportunity to be heard. Horton, 855 F. Supp. at 827. The substantive evaluation of the proposed settlement, to determine whether it is "fundamentally fair, adequate, and reasonable," occurs at the fairness hearing. San Francisco NAACP v. San Francisco Unified School Dist., 576 F. Supp. 34, 43 (N.D. Cal. 1983) (quoting Officers for Justice v. Civil Serv. Comm., 688 F.2d 615, 625 (9th Cir. 1982); In Re Oracle Sec. Litig., 829 F. Supp. 1176, 1179 (N.D. Cal. 1993).

The proposed Consent Decree here appears to fully achieve all the injunctive relief sought in the Complaint and the EEOC charges: a change in Albertsons' corporate employment policies which will result in nationwide coverage of prescription contraception coverage to every qualified female employee of Albertsons who participates in an Albertsons' employee medical plan, under the same general terms and conditions by which that plan covers other preventive prescription drugs, devices and related medical services. Moreover, the injunctive provisions of the class settlement go beyond what the class would seek at trial by ensuring such coverage for all female spouses and female non-spouse dependents of male and female employees as well.

1  The class settlement also affords reasonable monetary relief comparable to other court-approved class settlements involving coverage for prescription contraception. In addition, the proposed resolution would protect the privacy of Albertsons' employees, reasonably compensate Names Plaintiffs and Class Counsel for their efforts, and save judicial resources.

Approval of the class settlement is sought and recommended by experienced and reputable class action counsel. See Declaration of Teresa Demchak at ¶¶ 3-6; Declaration of Roberta Riley at ¶¶ 3-4. Moreover, the EEOC participated in the settlement discussions leading to the Proposed Decree and has entered into conciliation agreements with Albertsons on the very same terms. Demchak Decl., ¶ 17.

For the foregoing reasons, the Court determined, in its Preliminary Order of November 19, 2003, that the proposed Consent Decree was "within the range of possible approval" and that there was "probable cause" to notify the class of the proposed settlement.

**2.      Notice to the Class.**

Fed. R. Civ. P. 23(e) requires notice to the class in such manner "as the court directs." The purpose of the notice is to provide due process to absent class members by fairly apprising them of the terms of the class settlement agreement, their rights relating to it, and their opportunity to be heard. See Gottlieb v. Wiles, 11 F.3d 1004, 1012-13 (10th Cir. 1993). The parties agreed to a proposed class notice, attached as Exhibit C to the Proposed Decree, which explained the provisions of the Proposed Decree and their implications on the rights of class members, as well as the procedures for making objections to the Proposed Decree and for appearing at the fairness hearing. For the reasons stated in the Court's November 19, 2003 Order, the form and procedures for notice satisfied Rule 23(e).

Pursuant to the class settlement, Albertsons retained a professional third party Claims Administrator which mailed the required notice to class members (including database checks and remailing for notices returned as undeliverable). The Claims Administrator has filed a Declaration with the Court documenting that notice was sent in accordance with the Proposed Decree and the Order of November 19, 2003 and that no objections to the Proposed Decree have been filed. The Court finds that the class members have received adequate notice under Rule 23.[1]

Based on the Declarations of the parties and of the Claims Administrator, and on the Briefs submitted by the parties, the Court finds that proposed class members have received adequate notice of the settlement agreement, the proposed Consent Decree, the Fairness Hearing, and their right to be heard. No objections have been received.

**3.    Class Certification.**

Plaintiffs seek certification of a settlement class for injunctive relief consisting of "all female employees who participate in any of the Subject Health Care Plans (either as an active employee or through COBRA) from June 1, 2003[2] through the duration of the Consent Decree." See Section V.B. of the Proposed Decree.

---

[1] The Court's Order granting preliminary approval of the Proposed Decree occurred prior to the effective date of the amendments to Rule 23. Although these amendments changed the procedures for presenting class settlements to the court and issuing notice to the class, the Supreme Court's March 27, 2003 Order amending the Rule stated that the amendments would "take effect on December 1, 2003 and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." 123 S. Ct. at 496. In the present case, notice to the class having been ordered prior to December 1, 2003, and having now been fully carried out, it would not be "just and practicable" to require new or further notice. Doing so would cause unnecessary hardship and delay to the parties. Moreover, the class settlement here fully satisfies the concerns raised in Amchem Products v. Windsor, 521 U.S. 591 (1997), which inspired many of the new provisions of Rule 23.

[2] June 1, 2003 is the date Albertsons confirmed that its health care plans were brought into compliance with the terms of the class settlement.

1  Plaintiffs also seek certification of the following subclass for the payment of
2  monetary relief flowing from the injunctive provisions:

> all female employees who (a) participated in any of the Subject Health Care Plans (either as an active employee or through COBRA) for at least ninety (90) days prior to June 1, 2003, provided that at least part of that enrollment occurred between December 20, 2000 and June 1, 2003 (hereinafter the "Class Period"), and (b) used Prescription Contraceptive Drugs or Devices, or related medical services, at any time during the Class Period, without being reimbursed for all covered out-of-pocket expenses by any person or entity, or having such expenses credited against their deductible.

Id. at Section V.C.

Under Fed. R. Civ. P. 23 (a), a settlement class must meet four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. See Hanlon, 150 F.3d at 1019.

The settlement class here applies to all Albertsons stores nationwide and thereby covers thousands of female employees of Albertsons. This easily satisfies the numerosity prong of Rule 23(a)(1). See Gay v. Waiters' & Dairy Lunchmen's Union, 489 F. Supp. 282 (N.D. Cal. 1980), aff'd, 29 Fair Emp. Prac. Cas. 1027 (9th Cir. 1982) (class action certified after plaintiffs identified 184 potential class members).

The proposed settlement class members also share a common core of factual and legal allegations concerning coverage for prescription contraception in otherwise generally comprehensive employee benefit plans. The extent to which the Albertsons benefit plans cover prescription contraception, and the extent to which it must do so under applicable law, constitute common questions of law and fact. Thus, the proposed settlement class satisfies the commonality requirement of Rule 23(a)(2). See Hanlon, 150 F.3d at 1019-20.

Plaintiffs also meet the typicality requirement of Rule 23(a)(3). They, like the absent class members, are all female employees of Albertsons who would assert the same claim that Title VII and the PDA entitle them to coverage for prescription contraceptives

and related medical services pursuant to Albertsons' otherwise generally comprehensive employee benefit plans. See Hanlon, 150 F.3d at 1020 (representative claims are "typical" if they are reasonably co-extensive with those of absent class members).

Finally, the Named Plaintiffs and their counsel have adequately represented the class under Rule 23(a)(4). Hanlon, 150 F.3d at 1020. There are no apparent settlement allocation issues, discrete categories of class members with different interests, or other factors which would suggest a conflict. At the same time, Class Counsel are highly experienced attorneys who specialize in Title VII class action litigation and have prosecuted numerous such cases. See Demchak Decl. at ¶¶ 3-6; Riley Decl. at ¶¶ 3-4. The record demonstrates that they vigorously represented the interest of the putative class in arms-length negotiations with Albertsons, and that the EEOC also approves of the terms of the settlement. In fact, the terms of the Proposed Decree themselves demonstrate that the matter was prosecuted vigorously on behalf of the class.

For the foregoing reasons, the requirements of Rule 23(a) appear to be fully satisfied.

Rule 23(b)(2) provides for a class action if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. Proc. 23(b)(2). Albertsons' pre-settlement refusal to cover prescription contraception under the same general terms and conditions of other preventive drugs, devices and medical services applied generally to the entire proposed class. The injunctive relief set forth in the Decree will benefit the class members in a cohesive fashion. At the same time, the monetary awards are incidental to and flow directly from the injunctive provisions of the Decree. Thus, this case would appear appropriate for class

certification under Rule 23 (b)(2). See Molski v. Gleich, 318 F.3d 937, 947 (9th Cir. 2003).

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The motion for approval of the proposed class settlement agreement and Consent Decree is GRANTED;

2. The motion for certification of a settlement class under FRCP 23(a) and (b)(2) is GRANTED, and the Court appoints the attorneys of record for Plaintiffs as counsel for the certified class;

3. The Court finds that the fees and costs sought by Plaintiffs in this matter are reasonable under the circumstances, and that the rates charged by Plaintiffs' legal counsel are consistent with those awarded in other cases to said counsel and to other counsel in similar matters. The Court also approves the agreements for payment by Defendant of Plaintiffs' reasonable attorneys' fees and costs, as described in the parties' "Structured Negotiations Agreement" and the parties' "Agreement on Fees and Costs for Legal Work," attached to the Consent Decree.

4. The Consent Decree shall remain in effect for a period of two (2) years from the date of entry.

IT IS SO ORDERED.

DATED this 9TH day of February, 2004.

The Honorable Robert C. Broomfield
United States District Judge